# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0064** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **GEORGE HOPKINS** | : | |

## MEMORANDUM

Presently before the court in the above-captioned matter is petitioner George

Hopkins' ("Hopkins") *pro se* motion to vacate his guilty plea, or in the alternative to

reduce his federal sentence or order it to be served concurrently with his state

sentence, filed pursuant to 28 U.S.C. § 2255.[1]  (Docs. 65).   After the government

filed a brief in opposition to Hopkins' motion (Doc. 68), Hopkins filed a motion

requesting leave to amend his § 2255 motion to add a claim based on a change in

existing law.  (Doc. 76).  For the reasons to be discussed, the court will deny

Hopkins' motions.

## I.    Statement of Facts & Procedural History

During the summer of 2005, Hopkins was serving a sentence in the Dauphin

County Work Release Center.  He was given authorization to leave the center, but

failed to return.  On September 13, 2005, Hopkins returned to the center in a car, in

order to recover his belongings.  Hopkins sent the driver into the center to retrieve

---

[1]  See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [district]
court . . . claiming . . . that the sentence was imposed in violation of the Constitution
or laws of the United States . . . may move the court which imposed the sentence to
vacate, set aside or correct the sentence.").

his possessions, while he remained in this car. Hopkins was carrying a .22 caliber pistol and a quantity of crack cocaine in his underwear.

Hopkins' ruse was discovered by officers at the center, who attempted to arrest him in the parking lot. As Officer Joseph Shockley approached Hopkins and attempted to remove him from the vehicle, Hopkins drew his firearm and fired one round at Officer Shockley. Fortunately, the bullet only grazed the officer's back. Hopkins was arrested without further shots being fired, and was taken to the Dauphin County Prison, where a search revealed 8.6 grams of crack.

Local authorities charged Hopkins with shooting and firearms offenses, while a drug trafficking charge was prosecuted federally. October 11, 2006, Hopkins was convicted in state court of two counts of aggravated assault, carrying a firearm without a license, possession of a firearm by a felon, recklessly endangering another person, and false identification to police. Prior to his state conviction, on February 15, 2006, a federal grand jury returned a two-count indictment charging Hopkins with intentionally and knowingly possessing with the intent to distribute five grams and more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On July 26, 2006, the United States Attorney's office presented Hopkins with a plea agreement. (Doc. 25). The plea agreement incorrectly described the maximum penalty for the charged offense as "imprisonment for a period of twenty (20) years," when it should have read ". . . of forty (40) years." After the parties

corrected the error, Hopkins and his attorney initialed the change and signed the agreement. The agreement also indicated that Count One of the indictment carried a mandatory minimum sentence of five (5) years. The court accepted Hopkins' plea on August 10, 2006, and on December 7, 2006, sentenced him to a term of incarceration of 188 months, at the bottom of the guidelines range of 188-235 months. Hopkins successfully argued that he was entitled to two sentence reductions, based on retroactive changes to the sentencing guidelines.[2] On December 30, 2011, Hopkins received an additional sentence reduction pursuant to Amendment 750 to the sentencing guidelines. Hopkins is now sentenced to serve 92 months incarceration.

At Hopkins' original sentencing hearing, his attorney acknowledged that Hopkins faced a state prison sentence in addition to the federal sentence. Hopkins' counsel stated that he could "very likely" receive a state sentence between ten and twenty years. (Doc. 51 at 20). Counsel for the United States concurred, stating that "[t]his sentence is basically going to work as a backdrop" for sentencing in the state court. (Id. at 24).

On December 18, 2006, Hopkins appealed his designation as a career offender and the sentencing guidelines enhancements that went along with this status. (Doc. 46). After the Third Circuit affirmed the designation, Hopkins

---

[2] The first reduction was pursuant to the 2007 and 2008 amendments to the Sentencing Guidelines for cocaine base offenses, § 2582(c)(2). (Doc. 64). The second reduction was pursuant to The Fair Sentencing Act of 2010. (Doc. 75).

appealed to the United States Supreme Court, which vacated the judgment and remanded to have his status re-evaluated in light of Chambers v. United States, 555 U.S. 122 (2009). United States v. Hopkins, 264 F. App'x 173 (3d. Cir. 2008). On August 21, 2009, the Third Circuit issued an opinion finding that Hopkins was not a career offender, but that his new status would not change his sentencing guidelines range. United States v. Hopkins, 577 F.3d 507, 509 (3d Cir. 2009). Hopkins again petitioned the Supreme Court for certiorari and was denied. United States v. Hopkins, 130 S.Ct. 1912 (2010).

Hopkins filed his original § 2255 motion on March 24, 2011, once all other options were exhausted.[3] On March 28, 2011, this court ordered the United States to respond, and the government filed a response on April 11, 2011. (Docs. 66, 68). Hopkins moved to amend his petition on May 30, 2012. (Doc. 76). He requested leave from the court to add an argument based upon an intervening change in the law. (Doc. 76). All motions have been fully briefed and are ripe for disposition.

## II.    Discussion

Hopkins contends that his sentence should be vacated due to the ineffectiveness of his counsel and because the court lacked subject matter jurisdiction. Hopkins asserts these claims under 28 U.S.C. § 2255. See In re

---

[3] The Government has not asserted the affirmative defense that Hopkins failed to file his motion within the one-year statute of limitations. (Doc. 68). This court is not required to raise the time bar *sua sponte*, and will not raise it, because the case can be resolved independently on the merits. Day v. McDonough, 547 U.S. 198, 209 (2006).

Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Conclusory allegations unsupported by evidence are insufficient to permit relief under § 2255, and the claim may be decided on the record without a hearing, should the record affirmatively indicate that the petitioner's claim is without merit. See Virgin Islands v. Nicolas, 759 F.2d 1073, 1075 (3d Cir. 1985); see also Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). The court will decline to grant Hopkins a hearing because, as discussed *infra*, his claims are without merit.

## A.    Ineffective Assistance of Counsel

Hopkins argues that his conviction and sentence must be vacated because he was denied the effective assistance of counsel, in violation of the Sixth Amendment. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two prong test for determining when a criminal defendant has been denied the effective assistance of counsel. The petitioner must show that his attorney's performance was unreasonable under prevailing professional norms, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; Weeks v. Snyder, 219 F.3d 245 (3d Cir. 2000). Courts are generally required to be "highly deferential" to the reasonable strategic decisions of trial counsel, and must "guard against the temptation to engage in hindsight." Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002) (quotation marks omitted).

Hopkins brings three allegations of ineffective assistance. First, he argues

that his counsel "aided the Court's broadening of Count One of his indictment at

the change of plea hearing from a charged class (c) felony to an uncharged class (B)

felony, and in doing so" deprived him of his Fifth Amending right to a grand jury

indictment. (Doc. 65 at 4). Hopkins appears to be referencing the correction in his

plea agreement regarding the maximum sentence to which he could be subjected.

His counsel merely corrected a typographical error in the plea agreement, which

incorrectly stated that Hopkins was subject to a maximum sentence of 20 years,

rather than 40 years, as was provided under 21 U.S.C. § 841(a), possession with

intent to distribute five grams or more of cocaine base. Hopkins did not plead

guilty to a different offense than that charged in the indictment – both charged

possession with intent to distribute five grams and more of crack. The plea

agreement merely contained an error that counsel corrected, and that Hopkins

acknowledged and initialed. Moreover, even if Hopkins' counsel *had* committed an

error, Hopkins did not suffer prejudice because he was sentenced well below 20

years.

Hopkins' second claim of ineffective assistance is that his counsel failed to

object to what Hopkins' styles as the court's lack of subject matter jurisdiction.

Specifically, he argues that he was indicted for possessing five grams of cocaine

base under 21 U.S.C. § 841(b)(1)(c), but plead guilty to possession of five grams or

more of a "mixture or substance" under 21 U.S.C. § 841(b)(1)(B). This argument

lacks merit. First, there is no doubt that federal district courts may hear cases

6

related to crimes "against the laws of the United States." 18 U.S.C. § 3231. Hopkins pleaded guilty to a crime under 21 U.S.C. § 841, and therefore, this court correctly exercised jurisdiction over his case. Second, Hopkins was indicted under the proper code section for his offense, 21 U.S.C. § 841(a)(1), plead guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a), and initialed the correction of the maximum sentence. There was no error on the part of his counsel, and his claim is without merit.

Hopkins' third claim is rather confusing: he contends that if his attorney had informed the Court that he was not charged with a violation under the "mandatory minimum" section of § 841(b)(1)(B), rather than 21 U.S.C. § 841(a)(1), then the court could have sentenced him to 128 months rather than 188 months. The provenance and substance of Hopkins' argument are not particularly clear, but nonetheless he was not improperly sentenced. Hopkins was charged with intent to distribute five grams or more of crack cocaine, proscribed by § 841(a)(1). He pleaded guilty to possession with intent to distribute five grams or more of crack, which then carried a maximum sentence of 40 years. Hopkins was on notice of the potential sentence because he initialed the correction in his plea agreement. His original sentence was 188 months, at the low end of the guidelines recommendation and well below the statutory maximum. His sentence was eventually reduced, through a series of motions intended to obtain the benefit of retroactive guidelines reductions, to 92 months incarceration. His argument is therefore without merit.

**B.      Hopkins' Request for a Concurrent Sentence**

Hopkins filed a motion requesting leave to amend his § 2255 petition, to add a claim of ineffective assistance unavailable at the time that he filed his original petition.  The court will address the merits of his new argument, and deny the motion to amend as futile.

Hopkins argues that his counsel was ineffective for failing to request that his federal sentence be ordered to run concurrently with his state sentence. The Supreme Court's recent decision in Setser v. United States, 132 S.Ct. 1463 (2012), held that a district court has discretion to order that a federal sentence run concurrently to an anticipated but unimposed state sentence.  Though Hopkins casts this argument in terms of the effective assistance of counsel, he acknowledges that, at the time of his sentencing, Setser had not yet been decided and his counsel did not believe that his federal sentence could be imposed concurrently with his state sentence.  (Doc. 76 at 2; see also Doc. 51 at 19-20 ("Because we're proceeding with sentencing prior to any disposition in terms of sentence in state court, he's a state prisoner, he can't get any concurrent sentence despite what the presentence report indicates.")).  Ostensibly what Hopkins seeks to convey is that Setser constitutes an intervening change in the law, which necessitates reconsideration of his sentence.  In keeping with the Supreme Court's admonition that courts hold *pro se* petitioners to "less stringent" standards than those applying to counseled parties, the court will address this argument.  See Haines v. Kerner, 404 U.S. 519, 530 (1972).

Setser addressed a relatively narrow question: who determines whether a federal sentence runs consecutively or concurrently with a state sentence imposed after the federal sentencing hearing. 132 S. Ct. at 1467. The court examined § 212(a) of the Sentencing Reform Act of 1984, 18 U.S.C. § 3584, which addresses the concurrent or consecutive question only when "multiple terms of imprisonment are imposed on a defendant at the same time," or "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." 132 S. Ct. at 1467 (quoting 18 U.S.C. § 3584(a)). However, section 3584 does not address the issue that arose in Setser, where a federal sentencing proceeding occurs before imposition of an anticipated state sentence. Id.

Generally, new rules of criminal law will not apply retroactively on collateral review if they were announced after the defendant's conviction became final. Teague v. Lane, 489 U.S. 288, 306 (1989) (plurality opinion). New substantive rules generally do apply retroactively, Bousley v. United States, 523 U.S. 614, 620 (1998), but new procedural rules generally do not, unless they are so fundamental as to constitute "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348, 352 (2004) (quotation marks omitted); see also United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003).

In Setser, the Supreme Court announced a "new" rule. A rule is "new" if "the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague 489 U.S. at 301. A rule is dictated by prior

9

precedent if it would have been "apparent to all reasonable jurists." Chaidez v.

United States, 133 S.Ct. 1103, 1107 (2013).  Conversely, a rule is not new when it is

"merely an application of the principle that governed" a prior decision.  Id.  Setser

determined *who* must decide whether a federal sentence will run concurrently to an

anticipated but unimposed state sentence. Setser, 132 S.Ct. at 1467.  The Court

analyzed 18 U.S.C. § 3584 and determined that it left "room for the exercise of

judicial discretion in the situations" that it did not cover.  Id.  Setser was not

decided by application of a rule of "general application . . . designed for the specific

purpose of evaluating a myriad of factual contexts."  Chaidez, 133 S.Ct. at 1107; see

also Lambrix v. Singletary, 520 U.S. 518, 528-29 (1997).  The Court did not cast its

decision in Setser as dictated by a prior decision setting forth a generally applicable

rule, but rather derived its interpretation of § 3584 through application of

techniques of statutory interpretation.  Thus, the rule announced in Setser was

"new" for purposes of a retroactivity analysis.

Because the Court's holding in Setser was "new," it will not apply

retroactively unless it falls into one of two exceptions stated in Teague.  The first

exception is for "watershed rules of criminal procedure" that implicate the

fundamental fairness of the criminal proceeding.  Teague, 489 U.S. at 311.  This

exception is "extremely narrow," Lloyd v. United States, 407 F.3d 608, 613-14 (3d

Cir. 2005), and is reserved for those rules that alter "our understanding of the

*bedrock procedural elements* essential to the fairness of a proceeding."  Reinhold v.

Rozum, 604 F.3d 149, 155 (3d Cir. 2010) (quoting Whorton v. Bockting, 549 U.S. 406,

10

417 (2007)). Setser decided a relatively narrow issue about a district court's

discretion at sentencing, and is not the type of watershed rule this exception

contemplates. Cf. United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding

that rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply

retroactively). Nor does Setser fall into the second Teague exception for those rules

placing "certain kinds of primary, private individual conduct beyond the power of

the criminal law making authority to proscribe." Teague, 489 U.S. at 307 (citation

omitted).

Hopkins' argument that Setser constitutes an intervening change in the law

necessitating reconsideration of his sentence is without merit. Accordingly, his

motion to amend his § 2255 petition will be denied as futile.

## III. **Conclusion**

For the reasons previously discussed, Hopkins' motion to vacate pursuant to

28 U.S.C. § 2255, and his motion to amend his petition will be denied.

An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      May 16, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0064** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **GEORGE HOPKINS** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this 16th day of May, 2013, upon consideration of petitioner

George Hopkins' motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 65), and

motion to amend (Doc. 76), for the reasons discussed in the accompanying

memorandum, it is hereby ORDERED that Hopkins' motions are DENIED.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge